THE TRUSTEES OF THE FIRST EVANGELICAL LUTHERAN
CHURCH OF DEARBORN v. LOUIS RECHLIN, JOHN
VAGT AND CHARLES TWORK.

*Religious societies— Use of corporate franchises.*

A religious society is presumed to have been legally incorporated if for·
ten years it has exercised the privileges of a corporation (Comp. L.
§ 3089); and a new incorporation; unless practically acquiesced in
by the members, cannot displace the old one.

Religious societies in Michigan are incorporated in the name of the
trustees ; and even though a society be a corporation by virtue
merely of a ten years' use of corporate franchises, it has the title to
all property conveyed to trustees for ·its use, and need not file a bill
to reach such property.

Appeal from Wayne.   Submitted October 11.   Decided
January 5.

BILL to establish trust in lands and compel their con-
veyance by the trustees.   Defendant Twork appeals.
Reversed ; bill dismissed.

*Otto Kirchner* for complainant.

*Alfred Russell* and *H. M. Campbell* for appellant.   A
deed to trustees is to the corporation which they represent :
Comp. L. §§ 3059-61 ;   *Walrath v. Campbell* 28 Mich. 121 ;
*Calkins v. Cheney* 92 Ill. 463.

CAMPBELL, J.   The purpose of this bill is to obtain a
decree for the conveyance to complainant of certain real
estate which in August, 1870, was deeded to Lewis Rechlin
and two others as trustees for the First Evangelical Church
of Dearborn, which the bill avers was not at that time incor-
porated, but was in due form of law incorporated in the
year 1881.   The church society is alleged to have been in
existence ever since the giving of the deed to the trustees,
and the legal incorporation in 1881 was by its members.

On the facts the principal dispute is whether the persons who effected the organization in 1881 did or did not really represent the society in the step they then took.

The view we take of the case renders this dispute unimportant. .It is unquestionable on the evidence that the members of the religious society at a time substantially contemporaneous with the giving of the deed, perfected an organization in the name now assumed by complainant, intending it at the time as a corporate organization under the statutes of the State which permit such societies to incorporate themselves. It is also unquestionable, as we think, that the members supposed they had become incorporated, and that for ten years thereafter on that supposition they exercised through the prescribed statutory agencies the ordinary functions of an incorporated religious society. If this is so, there was no necessity for the new organization in 1881, for the statute provides " that whenever any religious society or corporation shall have exercised the franchises and privileges of a corporation for the term of ten successive years, the same shall be presumed to have been legally organized in pursuance of the laws of this State." Comp. L. § 3089. The corporation under this statute must be presumed to have been in existence for .the whole ten years, and a new organization that disregarded the old and treated it as invalid, could not displace it without the practical acquiescence of the members. On the evidence it is plain that the practical acquiescence was far from unanimous here.

If, however, the acquiescence of the members in the new organization had been general, so that it might be treated. as a mere remodeling of corporate forms, the present bill would be needless. Religious societies in this State are incorporated in the name of the trustees, and it is provided by statute that the trustees " may take into their possession and custody all the temporalities of such church, congregation, or society, whether the same shall consist of real or personal estate, and whether the same may have been given, granted, or devised, directly or indirectly, to such church,

congregation, or society, or to any other person or persons for their use." Comp. L. § 3060. The effect of this statute is to place in the corporation itself the title to all property conveyed to trustees for its use. *Methodist Church of Newark v. Clark* 41 Mich. 730, 739. If then this complainant is in the law the corporation which has been in existence for ten years and upwards, this bill is needless; if it is not, it has no right.

The decree appealed from must be set aside and the bill dismissed with costs of both courts.

The other Justices concurred.